Effie F. Anastassiou, Esq. (SBN 96279)
Stephen J. Beals, Esq. (SBN 226365)
ANASTASSIOU & ASSOCIATES
242 Capitol Street
Post Office Box 2210
Salinas, California 93902
Telephone: (831) 754-2501
Facsimile: (831) 754-0621

Attorneys for Plaintiff
MAINAS FARMS, LLC.

IN THE U. S. DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CLAIFORNIA

| | |
|---|---|
| MAINAS FARMS, LLC, a California Limited Liability Company; <br><br> Plaintiff, <br><br> v. <br><br> HAYES PRODUCE MARKETING LP., a California Limited Partnership; and TIMOTHY HAYES, an individual; <br><br> Defendants. | CASE NO. 5:13-cv-04492-PSG <br><br> **STIPULATION AND ORDER FOR ENTRY OF JUDGMENT** |

IT IS HEREBY STIPULATED by and between Plaintiff MAINAS FARMS, LLC, a California Limited Liability Company ("PLAINTIFF"), and Defendants, HAYES PRODUCE MARKETING LP., a California Limited Partnership ("HAYES PRODUCE"), and TIMOTHY HAYES, an Individual ("TIMOTHY HAYES") (collectively, "DEFENDANTS"), that judgment is hereby entered in this action (the "Action"), in favor of PLAINTIFF and against DEFENDANTS, jointly and severally, in an agreed upon and stipulated sum of $74,455.79 (the "Stipulated Judgment"), and that Defendants will pay Plaintiff the amount owed pursuant to this Stipulated Judgment in the manner set forth herein.

The Stipulated Judgment agreed upon is for a debt justly due and owing to PLAINTIFF by DEFENDANTS, and arises from the following factual situation, which is more specifically described in the Complaint in this Action. PLAINTIFF agreed to sell to DEFENDANT HAYES PRODUCE commercial quantities of perishable agricultural commodities (the "Produce"). DEFENDANT HAYES

PRODUCE agreed to pay PLAINTIFF for the Produce pursuant to the terms of written Invoices attached to the Complaint as Exhibit "A" (the "Invoices"), but failed to pay PLAINTIFF for certain orders of Produce, in accordance with the terms of the Invoices. Each of the Invoices provided the following on the front of the Invoice:

> "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

After the DEFENDANTS defaulted on their obligations under the Invoices, this Action was then commenced by the PLAINTIFF.

In order to settle and resolve the litigation, the parties have agreed that the DEFENDANTS will pay to the PLAINTIFF the settlement sum of $74,455.79 (the "Settlement Sum"), representing the principal amount of $68,730.32 owed for the Produce pursuant to the Invoices, as described in the Complaint, plus statutory interest pursuant to California Civil Code Section 3287(a) at the rate of ten percent (10%) per annum, from the date each Invoice was due to be paid, through January 27, 2014, and the PLAINTIFF has agreed to accept the Settlement Sum of $74,455.79, as payment in full for past amounts due for the Produce, and to waive statutory penalties under Section 56620 of the California Food and Agricultural Code, attorneys' fees, and costs, even though these additional amounts were alleged and sought in the Complaint, provided that the Settlement Sum is paid on the terms and conditions set forth below.

The DEFENDANTS have acknowledged and agreed that when DEFENDANT HAYES PRODUCE failed to pay PLAINTIFF for the Produce, it breached its trust obligations owed to the PLAINTIFF under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c). The DEFENDANTS have further acknowledged and agreed that DEFENDANT TIMOTHY HAYES, as a reported principal, manager and owner of DEFENDANT HAYES PRODUCE, also breached his fiduciary duties to PLAINTIFF under the provisions of the PACA trust by not paying PLAINTIFF for the Produce sold to DEFENDANT HAYES PRODUCE by PLAINTIFF. As such, the DEFENDANTS acknowledge and agree that pursuant to the provisions of 11 USC § 523 (a)(4) this Stipulated Judgment is non-dischargeable in any future bankruptcy case(s) which may be filed by any of the DEFENDANTS.

In settlement of the Action, DEFENDANTS have agreed to pay to PLAINTIFF the Settlement Sum of $74,455.79 on or before January 27, 2015, and in any event, immediately upon the sale by DEFENDANT TIMOTHY HAYES of his interest in that certain residence located at 23532 Belmont Circle, Salinas, CA 93908 (the "Residence"). The PLAINTIFF has agreed to accept the Settlement Sum as payment in full of the debts owed by the DEFENDANTS to the PLAINTIFF pursuant to the Action, provided that such amounts are paid in full as set forth above.

In the event that the Settlement Sum is not paid on or before January 27, 2015, or immediately upon the sale of the interest of DEFENDANT TIMOTHY HAYES in the Residence, then PLAINTIFF shall send DEFENDANTS a written notice of default by certified mail and email to DEFENDANTS at the addresses provided to PLAINTIFF and PLAINTIFF's counsel. In the event that DEFENDANTS do not cure any default within 5 days of issuance of a written notice of default by the PLAINTIFF, then DEFENDANTS shall be in default of their obligations under this Stipulated Judgment, and the PLAINTIFF shall thereafter be entitled to exercise all rights set forth herein upon such default, including, without limitation, taking action to enforce the full amount of the Stipulated Judgment (less any payments previously made), and collecting accrued interest, attorneys' fees and costs.

Interest will not accrue on the Settlement Sum unless and until there is a default on making any payments due to PLAINTIFF pursuant to the terms of this Stipulated Judgment, and a failure to cure such default, as set forth above. Upon occurrence of any such default, interest will begin accruing on the Settlement Sum of $74,455.79, less any amount previously paid by the DEFENDANTS, at the rate of ten percent (10%) per annum, from the date of default until the date that the total remaining amount due pursuant to the Stipulated Judgment has been paid in full.

The payments of the Settlement Sum shall be made and delivered to PLAINTIFF by certified check or cashier's check to PLAINTIFF at 1535 Barbara Worth Road, Holtville, CA 92250, or at such other address as may be subsequently specified by PLAINTIFF to DEFENDANTS in writing:

DEFENDANTS have the option at any time to pre-pay all or a portion of the then outstanding amount of the Settlement Sum due to PLAINTIFF by DEFENDANTS under this Stipulated Judgment without any prepayment penalty.

Each party to this Stipulated Judgment has agreed to pay for its own attorneys' fees and costs incurred in connection with the Action up to the date of entry of this Stipulated Judgment. However, in the event that PLAINTIFF is required to take any action to enforce the collection of the amounts due pursuant to this Stipulated Judgment, then PLAINTIFF shall be entitled to recover all of its costs and reasonable attorneys' fees incurred in enforcing this Stipulated Judgment and in collecting all of the amounts owed by the DEFENDANTS to the PLAINTIFF.

PLAINTIFF and DEFENDANTS have mutually agreed that this Stipulated Judgment may be entered by this Court and then recorded with any and all government authorities as a judgment lien once this Stipulated Judgment has been entered by the Court. However, PLAINTIFF agrees that it will take no actions to enforce this Stipulated Judgment unless and until the DEFENDANTS default on making any payments due pursuant to the terms of this Stipulated Judgment, and fail to cure their default, as set forth above.

Interest will not accrue on this Stipulated Judgment unless and until there is a default on making any payments due to Plaintiff pursuant to the terms of this Stipulated Judgment, and a failure to cure such default, as set forth above. Upon occurrence of any such default, interest will begin accruing on the total amount of $74,455.79, less any amounts previously made by the DEFENDANTS to PLAINTIFF pursuant to this Stipulated Judgment, at the rate of ten percent (10%) per annum, from the date of default until the date that the total remaining amount due pursuant to this Stipulated Judgment has been paid in full.

This Stipulated Judgment may be prepaid in whole or in part by DEFENDANTS at any time without penalty. Upon payment in full of this Stipulated Judgment, then the PLAINTIFF agrees to cooperate with the DEFENDANTS in executing and filing all necessary documents to record the satisfaction of the Stipulated Judgment and to release the liens pursuant to this Stipulated Judgment.

PLAINTIFF:

MAINAS FARMS, LLC
A California Limited Liability Company

Dated: 1/28/14

By: _____
George Mainas
Title: Member

**DEFENDANTS:**

HAYES PRODUCE MARKETING, LP..
A California Limited Partnership

Dated: 1/28/14    By: /s/ Timothy Hayes
Title: General Partner and Director

TIMOTHY HAYES,
An Individual

Dated: 1/28/14    By: /s/ Timothy Hayes

**APPROVED AS TO FORM AND CONTENT:**

ANASTASSIOU & ASSOCIATES

Dated: 1/28/14    By: /s/ Effie F. Anastassiou
Effie F. Anastassiou, Esq.
Attorney for Plaintiff,
Mainas Farms, LLC

## ORDER

NOW THEREFORE, in accordance with the foregoing Stipulation, this Court orders as follows:

IT IS HEREBY ORDERED that this Stipulated Judgment is hereby entered in this Action in favor of PLAINTIFF and against DEFENDANTS, jointly and severally, in the sum of $74,455.79.

IT IS FURTHER ORDERED that pursuant to the provisions of 11 USC § 523 (a)(4) this Stipulated Judgment is non-dischargeable in any future bankruptcy case(s) which may be filed by any of the DEFENDANTS.

IT IS FURTHER ORDERED that each party shall pay their own attorneys' fees and costs incurred in connection with this action up to the date of entry of this Stipulated Judgment. However, in the event that PLAINTIFF is required to take any action to enforce the collection of the amounts due pursuant to this Stipulated Judgment, then PLAINTIFF shall be entitled to recover all of its costs and reasonable attorneys' fees incurred in enforcing this Stipulated Judgment and in collecting all of the amounts owed by the DEFENDANTS to the PLAINTIFF.

1  IT IS FURTHER ORDERED that after entry by this Court of this Stipulated Judgment it may be
2  recorded with any and all government authorities as a judgment lien. However, PLAINTIFF will take no
3  actions to enforce this Stipulated Judgment unless and until the DEFENDANTS default on making any
4  payments due pursuant to the terms of this Stipulated Judgment, and fail to cure their default, as set forth
5  above.

6  IT IS FURTHER ORDERED that interest will not accrue on this Stipulated Judgment unless and
7  until there is a default on making any Settlement Payments due pursuant to the terms of this Stipulated
8  Judgment, and a failure to cure such default, as set forth above. Upon occurrence of any such default,
9  interest will begin accruing on the amount then owed by DEFENDANTS to PLAINTIFF pursuant to this
10 Stipulated Judgment, which shall be $74,455.79, less any amount previously paid by the DEFENDANTS
11 to PLAINTIFF, at the rate of ten percent (10%) per annum from the date of default, until the date that the
12 total remaining amount due pursuant to this Stipulated Judgment has been paid in full.

13 SO ORDERED.

Dated: 2/10/2014           By: /s/ Paul S. Grewal
                                Judge of the District Court

F:\MFF\Hayes Produce Collection\Settlement\Stipulated Judgment.wpd